UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN B. BERRY & PATRICIA P. BERRY | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:13-CV-02133 |
| BANK OF AMERICA, N.A. & RECONTRUST COMPANY, N.A. | § § § | |
| Defendant. | § | |

## DEFENDANTS' MOTION TO DISMISS

Defendants Bank of America, N.A. ("Bank of America") and ReconTrust Company, N.A. ("ReconTrust") (collectively, the "Defendants") file their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and would respectfully show as follows:

### I.  INTRODUCTION

1. This is a foreclosure case. This is Plaintiff John B. Berry and Patricia P. Berry's second lawsuit relating to the enforcement of the Deed of Trust at issue.

2. Because Plaintiffs fail to assert a cause of action and their claims are barred by *res judicata*, dismissal of this matter is appropriate.

### II.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

3. Defendants accept as true the factual allegations in Plaintiffs' Complaint, as it must for a motion pursuant to Rule 12(b)(6).

4. On or about March 25, 2003, Plaintiffs John B. Berry and Patricia P. Berry ("Plaintiffs") executed a Promissory Note (the "Note") and Deed of Trust (the "Deed of Trust") to the benefit of First Houston Mortgage, Ltd. in the amount of $875,600.00 for the purchase of

real property located at 3714 Chevy Chase, Houston, Texas 77019.[1] The same day the Note and Deed of Trust were executed, the Deed of Trust was assigned to Countrywide Home Loans, Inc.; thereafter the mortgage was assigned to Bank of America.[2] The Deed of Trust provides, in relevant part, that in the event of default the lender may proceed with non-judicial foreclosure.[3]

### A.  The First Lawsuit

5.  On May 2, 2011, Plaintiffs filed suit against Bank of America, N.A., BAC Home Loan Servicing, LP, and ReconTrust Company, N.A. in the 151st Judicial District Court of Harris County, Texas (the "First Lawsuit") seeking to enjoin a foreclosure of the Property scheduled for May 3, 2011.[4] In the First Lawsuit, Plaintiffs alleged they were not "provided notice of default and an opportunity to cure prior to receiving the notice of sale for May 3, 2011."[5]

6.  The First Lawsuit was dismissed upon joint motion of the parties (the "First Dismissal Order"). The First Dismissal Order provides that "all claims" asserted in the First Lawsuit "are dismissed with prejudice to re-asserting same in any future proceeding" and that "all claims" that "could have arisen on or before January 7, 2013 against Bank of America, N.A. or Recontrust Company are released by Plaintiffs."[6]

---

[1] *See* Note and Deed of Trust attached and incorporated hereto as **Exhibits A & B**, respectively. Because Plaintiffs reference the Note and Deed of Trust in their Complaint and these documents are central to Plaintiffs' claims, the Court can consider the documents without converting Defendants' Motion to Dismiss to a motion for summary judgment. *See Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000) (noting with approval that various Circuits consider as part of the pleadings documents attached to a Defendant's motion to dismiss that are referred to in the complaint and are central to the Plaintiffs' claims) (citing cases). Further, the Court should take judicial notice of the Deed of Trust because it was filed in the Official Public Records of Harris County, Texas under Instrument No. W571530. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).
[2] *See* Assignments, attached and incorporated hereto as **Exhibit C**. The Court may take judicial notice of the Assignments because they were filed of record in the Official Public Records of Harris County, Texas under Instrument Nos. W571531 and Y416126, respectively. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).
[3] *See* Deed of Trust, ¶ 22.
[4] *See Plaintiffs' Original Petition and Application for Temporary Restraining Order* filed in the First Lawsuit, attached and incorporated hereto as **Exhibit D**.
[5] *Id.*, pg. 2.
[6] *See* First Dismissal Order, attached and incorporated hereto as **Exhibit E**.
449116.2
104756.0263

### B.     The Current Lawsuit

7.     Plaintiffs filed their Complaint in the current lawsuit on June 28, 2013 in the 165th Judicial District Court of Harris County, Texas seeking injunctive relief to enjoin a foreclosure scheduled for July 2, 2013.[7] In their current lawsuit, Plaintiffs assert that "Plaintiffs were never provided notice of default and an opportunity to cure prior to receipt of the notice of sale."[8] Plaintiffs seek declaratory judgment that "Defendants are not entitled to foreclose on its lien on July 2, 2013."[9] Defendants removed the matter to this Court on July 19, 2013 [Docket No.1].

### III.     STANDARD FOR DISMISSAL

### A.     Dismissal is Proper Under Fed. R. Civ. P. 12(b)(6).

8.     The purpose of a motion to dismiss under FED. R. CIV. P. 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief, and not to determine the facts or merits of the case.[10]

9.     As the United States Supreme Court recently restated: "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[11]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[12] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

---

[7] *See* Complaint, ¶ 25.
[8] *See* Complaint, ¶ 11.
[9] *See* Complaint, ¶ 16.
[10] *See Daou v. Bank of New York Mellon et al.*, No. 3:11-CV-2686-N at *10-12 (N.D. Tex., July 31, 2012); *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1982), *cert. denied*, 476 U.S. 1159 (1986); *Goldin, Peiser & Peiser, L.L.P. v. Delta Brands, Inc.*, No. 3:02-CV-0127-M, 2002 WL 550450, at *1 (N.D. Tex. Apr. 11, 2002); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004).
[11] *Ashcraft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted)).
[12] *Id.* (quoting *Twombly,* 550 U.S. at 555).
449116.2
104756.0263

enhancement.'"[13] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14]

10. For the reasons set forth below, Plaintiffs cannot prevail on their claims and dismissal is appropriate.

## IV. ARGUMENTS & AUTHORITIES

11. It is clear from the Complaint that Plaintiffs filed the current suit for the sole purpose of stopping the foreclosure. Nonetheless, Plaintiffs' Complaint must be dismissed because Plaintiffs allege no cause of action and in any event their present claims are barred by *res judicata*.

### A. Plaintiffs' Declaratory Judgment Claim Fails Because They Do Not Allege a Cause of Action.

12. Plaintiffs do not assert a cause of action in the current suit other than a request for declaratory judgment pursuant to Chapter 37 of the Texas Civil Practices and Remedies Code.[15] This act "is procedural, rather than substantive" and "would generally not apply to a removed action."[16] But "[w]hen a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202."[17] "For the Court to grant declaratory relief, Plaintiff must allege facts that show a justiciable controversy."[18] Where the plaintiff has alleged "no facts that would

---

[13] *Id.* (quoting *Twombly*, 550 U.S. at 557).
[14] *Id.* (quoting *Twombly*, 550 U.S. at 570).
[15] *See* Complaint, ¶ 16.
[16] *See Jones v. Deutsche Bank Nat'l. Trust Co.*, No. 3:12-CV-3929-L, 2013 WL 3455716 at *10 (N.D. Tex., Jul. 9, 2013)
[17] *See Kittler v. GMAC Mortg. LLC*, No. H-12-0902, 2013 WL 3294036 at *11 (S.D. Tex., Jun. 28, 2013).
[18] *See Garrett v. U.S. Bank, N.A.*, No. H-13-595, 2013 WL 2368341 at *2 (S.D. Tex., May 29, 2013).
449116.2
104756.0263

lead to the conclusion that a present controversy exists between herself and Defendant," a request for declaratory judgment must be denied.[19]

13. In this matter, Plaintiffs neither mention nor plead the elements of any cause of action besides their request for declaratory relief. The substance of their claim is that Defendants allegedly failed to provide notice of default and opportunity to cure. Even if this was true, it is not sufficient in and of itself to support a cause of action.

14. Even if the Court were to construe this allegation as offered in support of a wrongful foreclosure claim, such a claim fails for various reasons. First, there has been no foreclosure and Texas does not recognize a cause of action for attempted wrongful foreclosure.[20] The elements of a wrongful foreclosure claim are: 1) a defect in the foreclosure sale proceedings; 2) a grossly inadequate selling price; and 3) a causal connection between the defect and the grossly inadequate selling price.[21] Plaintiffs do not allege the second and third elements of the claim and for this reason alone, the claim fails.[22] Also, Plaintiffs retain possession of the Property which also renders the claim fatally flawed.[23]

15. Alternatively, if the Court were to construe this allegation as being offered in support of a breach of contract claim, the claim fails because Plaintiffs do not allege they performed or tendered performance under the contract which is a necessary element of a breach of contract claim under Texas law.[24] On the contrary, Plaintiffs do not plead that they were not in

---

[19] *See Kaechler v. Bank of America, N.A.*, No. H-12-423, 2013 WL 127555 at *7 (S.D. Tex., Jan. 9, 2013).
[20] *See James v. Wells Fargo Bank, N.A.*, --- Fed.Appx. ----, 2013 WL 3240306 at *2 (5th Cir., May 3, 2013) ("[C]ourts in Texas do not recognize an action for attempted wrongful foreclosure.").
[21] *See Singh v. U.S. Bank Home Mortg.*, No. H-12-3037, 2013 WL 3192938 at *2 (S.D. Tex., Jun. 21, 2013).
[22] *Velez v. Wells Fargo*, No. 4:11-CV-03573, 2012 U.S.Dist. LEXIS 89006 at *14-15 (S.D.Tex., Jun. 27, 2012); *Moye v. Federal Home Loan Mortg. Corp.*, H-12-0502, 2012 WL 3048858 at *4 (S.D.Tex., Jul. 25, 2012).
[23] *See Barcenas v. Fed. Home Loan Mortg. Corp.*, No.H-12-2466, 2013 WL 286250 at *7 (S.D.Tex., Jan. 24, 2013) ("The Court agrees that as a matter of law Plaintiffs' continued possession of the property precludes their claim for wrongful foreclosure.").
[24] *See Wilkerson v. Citimortgage, Inc.*, No. 3:11-CV-1393-O-BK, 2011 WL 6937382 at *2 (N.D. Tex., Oct. 24, 2011) *rec. adopted* 2011 WL 11039 (N.D. Tex., Jan. 3, 2012) ("Plaintiffs have not properly pled a cause of action

449116.2
104756.0263

default, but rather they entitled to additional notice of their default.[25] As such, they admit they materially breached the terms of the agreements at issue and therefore cannot sustain a breach of contract claim.[26]

16. Because Plaintiffs fail to assert a cognizable cause of action, their request for declaratory judgment—and any claims premised on Plaintiffs' claims that they did not receive the notice of default and opportunity to cure—must be denied.

### B. Plaintiffs' Claim is Barred By *Res Judicata*.

17. But even if Plaintiffs' allegations stated a cognizable claim, Plaintiffs' claims are barred by *res judicata*. *Res judicata* bars a plaintiff from litigating a claim if four requirements are met: (1) the parties in both actions are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action concluded with a final judgment on the merits; and (4) the same claim or cause of action was asserted in both actions.[27] A dismissal designated "with prejudice" is an adjudication on the merits for purposes of *res judicata*.[28]

18. The substance of Plaintiffs' Complaint is that "Plaintiffs contend they are still entitled to receive the notice required under paragraph 22 of the Deed of Trust" and Chapter 51.002(d) of the Texas Property Code, i.e. notice of default and opportunity to cure.[29]

---

for breach of their note and deed of trust because they do not allege (nor can they, given their admission that they were behind on their mortgage payments) that they performed or tendered performance under the note and deed.").
[25] *See* Complaint ¶¶ 11, 13, and 16.
[26] *See Water Dynamics, Ltd. V. HSBC Bank USA, N.A.*, 509 Fed.Appx.367, 369 (5th Cir. 2013) ("[A] party in default cannot assert a claim for breach against the other party.").
[27] *See Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP*, No. 2013 WL 1619691 at *12 (S.D. Tex., Mar. 22, 2013) citing *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) and *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).
[28] *See Superior Offshore Intern., Inc. v. Schaefer*, No. H-11-3130, 2011 WL 4007888 at *4 (S.D. Tex., Sept. 8, 2011), citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993).
[29] *See* Complaint, ¶ 13. Plaintiffs acknowledged receipt of the Notice of Foreclosure required by Section 52.002(b) in the instant suit, ¶ 9.
449116.2
104756.0263

19.     Plaintiffs asserted lack of notice in their First Lawsuit, as well.[30] Because Plaintiffs released all claims "that could have arisen on or before January 7, 2013 against Bank of America, N.A. or Recontrust Company" and agreed to dismiss all claims in the First Lawsuit with prejudice, they are barred from asserting the identical claim in the instant lawsuit.

20.     Additionally, Plaintiffs do not allege that since the dismissal of the First Lawsuit they have cured the default and are now entitled to a renewed notice of default. Rather, their claim appears to be that they are entitled to a notice of default immediately preceding the notice of foreclosure. This argument fails. There is no requirement under the Deed of Trust or the Texas Property Code that the notice of default must *immediately* precede the notice of foreclosure; rather, the contract and the statute only require the **minimum** amount of time that must transpire before the notice of foreclosure is served.[31]

21.     Plaintiffs claimed in both the First Lawsuit and the present suit that they did not receive notice of default and opportunity to cure but they voluntarily dismissed the claim with prejudice at the conclusion of the First Lawsuit and are thus barred from asserting it in this suit.

For these reasons, Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiffs' Complaint and dismiss in their entirety all claims against them in with prejudice to refiling same and for all relief in law and equity to which they has proven themselves entitled.

---

[30] *See* Complaint in First Lawsuit, pg. 2 - 3 ( "Plaintiffs were never provided notice of default and an opportunity to cure prior to receiving the notice of sale for May 3, 2011, as is required under the Deed of Trust.").

[31] *See, e.g., Tremble v. Wells Fargo Home Mortg., Inc.*, 478 Fed. Appx. 16, 165 (5th Cir. 2012) (affirming summary judgment where plaintiff received notices of default more than a year before foreclosure). *Franklin v. BAC Home Loan Servicing, LP*, No. 3:10-CV-1174-M, 2012 WL 2679496 (N.D. Tex., Jun. 6, 2012) *report and recommendation adopted at* 2012 WL 2688809 (finding notice of default sent three years before foreclosure complied with statutory and contractual notice requirements). *Reed v. Litton Loan Servicing, LP,* No. 1:10-cv-217, 2011 WL 817357 (E.D. Tex., Jan. 27, 2011) *report and recommendation adopted at* 2011 WL 810682 (E.D. Tex., Mar. 2, 2011) (granting summary judgment where notice of default was sent one year before foreclosure).

449116.2
104756.0263

Respectfully submitted,

**MCGLINCHEY STAFFORD**

By: */s/ Matthew A. Knox*
     **JEFFREY R. SEEWALD**
     State Bar No. 17986640
     **MATTHEW A. KNOX**
     State Bar No. 24071102
     1001 McKinney St., Suite 1500
     Houston, Texas 77002
     Telephone: (713) 520-1900
     Facsimile: (713) 520-1025
     *ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I certify that on July 26, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will forward a true and correct copy of the same to Plaintiffs' counsel as follows:

**Richard M. Kaplan**
Texas Bar No. 11094500
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
11 Greenway Plaza, Suite 1400
Houston, Texas 77046
Tel: 713-961-9045
Fax: 713-961-5341
*ATTORNEY FOR PLAINTIFFS*

     */s/ Matthew A. Knox*
     Matthew A. Knox

449116.2
104756.0263

---

DEFENDANTS' MOTION TO DISMISS      PAGE 8 OF 8